UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-cr-80076-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TRAVELL KINKAY JONES,

    Defendant.
_____/

## ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR COMPASSIONATE RELEASE

This cause comes before the Court upon Defendant Travell Kinkay Jones's ("Jones") Motion for Compassionate Release. DE 579. Jones seeks release from prison under 18 U.S.C. § 3582(c)(1)(A)(i) in light of the COVID-19 pandemic. Alternatively, he seeks a judicial recommendation that the Bureau of Prisons ("BOP") transfer him to home confinement. He presently is confined at FCI Miami serving an 86-month sentence after pleading guilty to conspiracy to possess with intent to distribute one kilogram or more of heroin and five kilograms or more of cocaine. DE 445; DE 516. The Court has carefully reviewed Jones's Motion, the Government's Response thereto [DE 582], and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is denied without prejudice.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

>upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. One such circumstance is where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, application note 1(A)(ii)(I). Extraordinary and compelling reasons may also exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, application note 1(D). Before reducing a sentence, the court must also determine that the "defendant is not a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

As an initial matter, the Government does not dispute that Jones exhausted administrative remedies before seeking relief from the Court. DE 582 at 8. Jones is 43 years' old. He states that he suffers from prostatitis. He does not contend that he suffers from an illness or condition that the Center for Disease Control has identified as placing or potentially placing an individual at an

2

increased risk for severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 6, 2020). The Court is sympathetic to the medical condition that Jones describes and to the hardships that imprisonment creates, especially during the COVID-19 pandemic. However, he has provided no extraordinary and compelling reason, as defined under the law, that justifies a reduction of his sentence. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13, application note 1.

In addition, the Court is unable to conclude that Jones's release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a), and is unable to conclude that he is not a danger to the safety of any other person or to the community. *See* 18 U.S.C. § 3553(a); *id.* § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence); U.S.S.G. § 1B1.13(2) (requiring a court to conclude that the defendant "is not a danger to the safety of any person or to the community" before granting a reduction of sentence). Jones admitted to conspiring to possess with intent to distribute a significant quantity of heroin and cocaine. *See* DE 445. He received a sentence within the applicable guideline range and has served less than one-half of that sentence. The factors that do not support his release include the nature and circumstances of his offenses, the need to protect the public, and the need for a sentence that reflects the seriousness of the offenses, promotes respect for the law, and provides just punishment. *See* 18 U.S.C. § 3553(a).

Finally, the Court also declines at this time to recommend to the BOP that Jones be permitted to serve the remainder of his sentence on home confinement. *See* 18 U.S.C. § 3621(b) (listing factors for the BOP to consider when making a placement determination, including any recommendation by the sentencing court). According to the Government, Jones is not eligible to be transferred to home

confinement because he has served less than one-half of his sentence and has more than 18 months remaining to serve. DE 582 at 17.

For all of these reasons, it is **ORDERED AND ADJUDGED** that Defendant Travell Kinkay Jones's Motion for Compassionate Release [DE 579] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 9th day of November, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant; Counsel of Record